### Herbert J. McGLINCHEY

v.

### HARTFORD ACCIDENT AND INDEMNITY CO.

and

### Liberty Mutual Insurance Company.

Civ. A. No. 87–1707.

United States District Court,
E.D. Pennsylvania.

July 8, 1987.

Thomas Patrick Kelly, Philadelphia, Pa., for plaintiff.

George D. Sheehan, Jr., Philadelphia, Pa., for Hartford Acc. and Indem. Co.

Nancy M. Goodwin, Philadelphia, Pa., for Liberty Mutual.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Plaintiff contends this court lacks diversity jurisdiction in his suit against two companies that provided him with no-fault automobile insurance. The matter comes before me on plaintiff's petition to remand his action to state court.

Plaintiff was driving a rental vehicle in Florida when he was involved in an accident with an uninsured motorist. Plaintiff had paid the rental company for accident coverage provided by one of the defendants here, Liberty Mutual Insurance Company. In addition, plaintiff also had no-fault benefits provided by the other defendant, Hartford Accident and Indemnity Co., as the result of his owning an automobile in Pennsylvania.

Plaintiff brought suit in state court against both Liberty and Hartford seeking uninsured motorist benefits from the former and medical expenses from the latter. With Liberty's express consent, Hartford removed plaintiff's suit to this court on the grounds that there is complete diversity of citizenship. Plaintiff's motion to remand followed.

It is uncontested that plaintiff is a citizen of Pennsylvania, Hartford a citizen of Connecticut, and Liberty Mutual, a citizen of Massachusetts. However, plaintiff points to 28 U.S.C. § 1332(c) which provides:

[I]n any direct action against the insurer of a policy or contract of liability insurance ... to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the

State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

Plaintiff contends that there is no diversity because his citizenship must be imputed to both Hartford and Liberty Mutual.

Section 1332(c) is not applicable in this case. First, this is not a "direct action" against an insurer within the meaning of the statute. "Direct actions" in this sense are limited to cases where a party sues an insurer, on the basis of an insured's liability, without joining or first obtaining a judgment against the insured. *Fortson v. St. Paul Fire and Marine Insurance Company*, 751 F.2d 1157 (11th Cir.1985); *Beckham v. Safeco Insurance Co.*, 691 F.2d 898 (9th Cir.1982). Section 1332(c) was passed in response to state laws that permitted an injured party to sue an insurance carrier directly as the real party in interest without bringing suit against the tortfeasor whose actions had caused injury. *Bowers v. Continental Insurance Co.*, 753 F.2d 1574, 1576–77 (11th Cir.), *cert. denied*, 473 U.S. 906, 105 S.Ct. 3531, 87 L.Ed.2d 655 (1985). The statute refers to cases where the insured is not a defendant—it was not intended to cover a case where the insured is the plaintiff.

Second, if section 1332(c) is interpreted as plaintiff contends it should be, there would never be any diversity jurisdiction in a case where an insured sues his own insurance company. Even though that might be the result of a broad reading of the statute, I can not believe that that was the intent of Congress.

An order follows.

### ORDER

AND NOW, this 8th day of July, 1987, the petition of Herbert J. McGlinchey to remand this action to the Court of Common Pleas of Philadelphia County is hereby denied.