**John MAZZUKA, Plaintiff,**

v.

**SMA LIFE ASSURANCE COMPANY, Defendant.**

No. 89 C 3109.

United States District Court, E.D. New York.

Jan. 3, 1990.

Albert E. Silbowitz, Cedarhurst, N.Y., for plaintiff.

Townley & Updike (Joan B. Gross, of counsel), New York City, for defendant.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this action in the Supreme Court, Queens County, for payment allegedly due under his health insurance policy with defendant. Defendant removed the action, pursuant to 28 U.S.C. § 1441, alleging diversity between the parties and an amount in controversy in excess of $50,000. Plaintiff moves to remand on the grounds that under 28 U.S.C. § 1332(c) this court has no jurisdiction.

Under 28 U.S.C. § 1441, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction" "may be removed by the defendant" to the appropriate district court. Plaintiff does not dispute that the parties are diverse and that the amount in controversy exceeds $50,000. Plaintiff argues that under 28 U.S.C. § 1332(c) the defendant insurance company is deemed to be a citizen of the state of which plaintiff is a citizen and that thus this court has no jurisdiction. That section provides in pertinent part:

> [For purposes of diversity and removal], a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: *Provided further, That in any direct action against the insurer of a policy or contract of liability insurance ... to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen* of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business. (emphasis supplied)

Plaintiff argues that, within the meaning of the quoted language, this is a direct action on a "liability" insurance contract against an insurer in which the "insured" has not been joined as a defendant. Congress enacted the proviso in section 1332(c) to alleviate federal court calendar conges-

tion in states allowing an injured plaintiff to sue a tortfeasor's insurer directly without suing the insured.

Courts in this circuit appear not to have ruled on the contention made by plaintiff. But other circuits have held it inapplicable to suits brought by an insured directly against his own insurer. *See, e.g., Bowers v. Continental Insurance Co.,* 753 F.2d 1574, 1576 (11th Cir.), *cert. denied,* 473 U.S. 906, 105 S.Ct. 3531, 87 L.Ed.2d 655 (1985); *White v. United States Fidelity and Guaranty Co.,* 356 F.2d 746, 747–48 (1st Cir.1966); *McGlinchey v. Hartford Accident and Indemnity Co.,* 666 F.Supp. 70, 71 (E.D.Pa.1987); *Smith v. State Farm Insurance Co.,* 615 F.Supp. 453, 455 (D.C. Haw.1985). To read the statutory language as applicable to suits by the insured against the insurer would make no sense and would prohibit federal jurisdiction in all suits against an insurer. Congress could hardly have intended this result.

Plaintiff relies on *Tyson v. Connecticut General Life Insurance Co.,* 495 F.Supp. 240 (E.D.Mich.1980). In that case, the court held that section 1332(c) destroyed diversity where an employee sued as third party beneficiary on a group disability insurance policy provided by the employer. *See* 495 F.Supp at 243. Even if section 1332(c) applies to cases in addition to those asserting tort liability, the reasoning of the *Tyson* case is not relevant here because defendant is not a third party insurer.

There is diversity of citizenship, and the case was properly removed. Plaintiff's motion for remand is denied.

So ordered.