**Pamela BARTON, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

Civ. A. No. A–89–CA–875.

United States District Court,
W.D. Texas,
Austin Division.

Jan. 8, 1990.

Cary D. Jones, Austin, Tex., for plaintiff.

Bob Grove, Mullen, MacInnes, Redding & Grove, Austin, Tex., for defendant.

## ORDER

WALTER S. SMITH, Jr., District Judge.

Came on this date for consideration the Plaintiff's Motion for Remand. The Court, having considered said motion, finds that it lacks merit and should be denied.

### Background

Plaintiff, Pamela Barton, had an automobile accident with Tericia Ann Loran whose insurance carrier at the time of the accident was in receivership.

Plaintiff filed suit in the 200th Judicial District Court of Travis County, Texas against her insurance company, Allstate Insurance Company, seeking recovery of damages under her uninsured/underinsured motorist coverage with Allstate. In her Original Petition Plaintiff prays for damages to compensate for necessary medical care, pain and suffering, mental anguish, future medical bills and physical impairment. Defendant removed the case to this Court pursuant to diversity jurisdiction under 28 U.S.C. § 1332 and pursuant to the provisions of 28 U.S.C. §§ 1441(a), 1441(b), and 1446.

### Plaintiff's Motion to Remand

Plaintiff moves for remand on two grounds. First, because the amount in controversy does not appear to exceed $50,000, the jurisdictional hurdle of this Court; and second because diversity of citizenship does not exist in this case because this is a

direct action against the insurer of a policy of liability insurance and Title 28 U.S.C. § 1332(c)(1) and 28 U.S.C. § 1441 deem the insurer a citizen of the state of which the insured is a citizen.

### A. *Amount in Controversy*

Plaintiff has not made a liquidated claim for damages in either her original petition or Motion for Remand. Plaintiff did make two pre-suit settlement demands of $50,000.00 and $35,000.00 and in her Motion for Remand has stated the amount in controversy *does not appear* to exceed $50,000 (Affidavit of Cary Jones, paragraph 7.) However, Plaintiff has unliquidated damages claims which include pain and suffering and under the liability insurance policy the Plaintiff has at least the potential to recover up to $100,000.

The total amount sought for damages must appear to a legal certainty to be less than the jurisdictional amount to justify remand of a case to state court. *Johns–Manville Sales Corp. v. Mitchell Enterprises, Inc.*, 417 F.2d 129 (5th Cir.1969).

In this case it does not appear to a legal certainty that the amount in controversy is less than the jurisdictional limit, therefore, the $50,000.00 requirement is met.

### B. *Diversity*

Plaintiff argues that Defendant Allstate must be deemed a citizen of the State of Texas because of Title 28 U.S.C. § 1332(c)(1) which provides:

> In any direct action against the insurer of a policy or contract of liability insurance ... such insurer shall be deemed a citizen of the State of which the insured is a citizen ...

Section 1332(c)(1) and its legislative history clearly show that an action by an insured against *his own* insurer is not a "direct action." *Adams v. State Farm Automobile Insurance Company*, 313 F.Supp. 1349 (N.D.Miss.1970).

Plaintiff is suing her own insurance company in this case, therefore Defendant is not deemed a citizen of this state and diver-

sity exists between the parties. Accordingly, it is

ORDERED that Plaintiff's Motion for Remand is hereby DENIED. It is further

ORDERED that Plaintiff's request for costs of the Motion for Remand is hereby DENIED.