Maria **CHAVARRIA**, Plaintiff,

v.

**ALLSTATE INSURANCE COMPANY
and Does 1–20, inclusive,
Defendants.**

No. CV 90–2898 DT (Ex):

United States District Court,
C.D. California.

Oct. 30, 1990.

Charles J. Mazursky, Mazursky, Schwartz & Angelo, Los Angeles, Cal., for plaintiff.

Michael M. Pollak, Carole A. Levitt, Pollak & Vida, Los Angeles, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

TEVRIZIAN, District Judge.

This matter comes before the Court on the Court's own motion to show cause why the matter should not be remanded back to Superior Court. The question presented is whether 28 U.S.C. § 1332(c) operates to defeat the Court's subject matter jurisdiction over the case. For the reasons set forth below, the Court finds that § 1332(c) defeats the Court's diversity jurisdiction over the matter and that the case should be remanded back to the state court.

Factual Background

This suit is a bad faith action arising out of Plaintiff's attempt to settle an uninsured motorist claim pursuant to her automobile insurance policy with her liability insurance carrier, Allstate. Plaintiff Chavarria alleges that she timely reported the accident to Allstate, made a timely uninsured motorist claim after confirming the uninsured motorist's status, and timely submitted evidence confirming her injuries and damages, but that Allstate delayed payment for over three years.

Allstate contends that it denied Ms. Chavarria's claim based upon a statute of limitations defense because Plaintiff failed to demand arbitration within one year of the accident or give Allstate written notice, within one year of the accident, that she had filed suit against the uninsured motorist. Allstate also alleges that once the California Insurance Code was amended, and insureds no longer had to give notice within one year, Allstate paid Plaintiff her arbitration award.

Plaintiff filed the instant complaint against Allstate for breach of the implied covenant of good faith and fair dealing in the Superior Court of the State of California for the County of Los Angeles on April 27, 1990. Allstate then removed the action to the United States District Court on June 6, 1990 on the basis of diversity of citizenship.

Discussion

In removing the instant action to the United States District Court, Allstate relied upon diversity of citizenship as the basis for removal. Allstate's Notice of Removal states that there is diversity of citizenship between Plaintiff, a citizen of the State of California, and Allstate, an Illinois corporation with its principal place of business in the State of Illinois, and therefore a citizen of the State of Illinois. However, in this Court's opinion Allstate is also a citizen of California pursuant to the amended provisions of 28 U.S.C. § 1332(c)(1). As this Court's determination defeats diversity of the parties, the Court must remand this action back to the Superior Court of the State of California for the County of Los Angeles for lack of subject matter jurisdiction.

28 U.S.C. § 1332(c)(1) provides in pertinent part that:

in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any

State by which the insurer has been incorporated and of the State where it has its principal place of business ...

This case involves a direct action against an insurer, Allstate, by the insured, Maria Chavarria under the provisions of a liability insurance policy. Thus, for diversity purposes, Allstate must be considered a citizen of the State of which the insured is a citizen pursuant to § 1332(c)(1). Since both Plaintiff and Defendant can be considered citizens of California, diversity of citizenship between the parties is destroyed, thereby depriving this Court of subject matter jurisdiction.

■ Allstate argues that a bad faith action by the insured against an insurer under the provisions of a liability insurance policy does not constitute a direct action for the purposes of § 1332(c)(1), citing *Beckham v. Safeco Insurance Company of America*, 691 F.2d 898, 901 (9th Cir. 1982), in support of this contention.[1] According to Allstate, a direct action is one in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured. However, due to a recent Supreme Court opinion discussing § 1332(c)(1) and basic principles of statutory construction, this Court cannot agree with Allstate's interpretation of 28 U.S.C. § 1332(c)(1).

In *Northbrook National Insurance Co. v. Brewer*, 493 U.S. ——, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989), the Supreme Court held that the direct action proviso in § 1332(c)(1) did not operate to defeat diversity jurisdiction in an action brought by an *insurer against* the *insured*. The Court, in *Northbrook*, did not rule on what constitutes a direct action for purposes of § 1332(c)(1) as it was unnecessary to the Court's holding. 493 U.S. at ——, 110 S.Ct. at 299, n. 1, 107 L.Ed.2d at 229, n. 1. However, the Court placed only one limitation upon the application of § 1332(c)(1): the statute does not apply in actions by an insurer *against* the insured. But this limitation is not applicable in the case at hand. The Supreme Court explained that the language of the direct action proviso is unambiguously limited to actions brought *against* insurers. *Northbrook Nat'l Ins. Co.*, 493 U.S. at ——, 110 S.Ct. at 299, 107 L.Ed.2d at 229. Applying § 1332(c)(1) in this bad faith action by an insured *against* her insurer is thus not inconsistent with the Supreme Court's opinion in *Northbrook* as the case is one *against* an insurer and not an insured.

Allstate maintains that § 1332(c)(1) was enacted specifically to eliminate from diversity jurisdiction tort claims in which both the injured party and the tortfeasor are local residents, but which, under state "direct action" statutes, are brought against the tortfeasor's foreign insurance carrier without joining the tortfeasor herself. *See* U.S.Code Cong. & Admin.News 1964 pp. 2778–2779. Thus, according to Allstate, direct actions are only those where, pursuant to state "direct action" statutes, an injured party sues the tortfeasor's insurance carrier without suing the tortfeasor herself.

However, although Congress mentioned the "direct action" statutes in the legislative history to the enactment of § 1332(c), it did not limit the text of the statute itself to situations in which "direct action" statutes were involved. In fact, as far as this Court knows, only two states, Louisiana and Wisconsin, and the territory of Puerto Rico even have "direct action" statutes. *See* La.Rev.Stat.Ann. § 22:655 (West 1990); Wis.Stat.Ann. § 632.24 (West 1989); P.R. Laws Ann. tit. 26 § 2003 (1989). The fact that only Louisiana, Wisconsin and Puerto Rico have "direct action" statutes decreases the likelihood that Congress intended to limit the applicability of § 1332(c)(1) in the manner that Defendant Allstate suggests.

---

1. In *Beckham,* the Ninth Circuit held that a bad faith action brought by an insured against her insurer did not constitute a direct action for purposes of § 1332(c)(1). Although *Beckham* is contrary to this Court's position, this Court believes that the reasoning in *Beckham* is no longer persuasive for the reasons set forth in this order. *But see Bowers v. Continental Ins. Co.,* 753 F.2d 1574, 1576 (11th Cir.1985); *Barton v. Allstate Insurance Co.,* 729 F.Supp. 56, 56–57 (W.D.Tex.1990); *Mazzuka v. SMA Life Assurance Company,* 726 F.Supp. 1400, 1401 (E.D.N.Y.1990); *State Farm Insurance Company v. Evans,* 712 F.Supp. 57, 58–59 (E.D.Pa.1989).

Thus, although this action was not brought pursuant to a "direct action" *statute,* this does not necessarily mean that it is not a direct action for purposes of § 1332(c)(1).

Furthermore, a more expansive reading of § 1332(c)(1) is quite consistent with the purposes behind the enactment of § 1332(c)(1). By eliminating a federal court's diversity jurisdiction over direct actions against out-of-state-insurers, Congress prevented those insurers from removing such actions to federal courts. In doing so, Congress sought to prevent insurers from both increasing congestion in the already overcrowded federal courts and forcing plaintiffs to litigate in a federal forum. This Court's interpretation of § 1332(c)(1) and the remand of the instant action coincides with these Congressional goals. *See* U.S.Code Cong. & Admin.News 1964 p. 2779.

The remand of this action is also consistent with the stated purposes of diversity and removal jurisdiction. One of the rationales for such jurisdiction is based upon the goal of avoiding local prejudice. *See e.g., J.A. Olson Co. v. City of Winona, Miss.,* 818 F.2d 401, 404 (5th Cir.1987) (diversity jurisdiction exists for the purpose of providing a federal forum for out of state litigants where they are free from prejudice in favor of a local litigant). Here, Allstate can make no claim of local prejudice; although technically an Illinois corporation, Allstate has numerous offices in California and all over the country. There is absolutely no reason why Allstate should not be treated as a California citizen for purposes of diversity jurisdiction under the amended provisions of 28 U.S.C. § 1332(c)(1).

Conclusion

For the reasons stated in this order, this Court orders the action remanded back to the Superior Court of the State of California for the County of Los Angeles pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.