**Sandra BASEL, Plaintiff,**

v.

**ALLSTATE INSURANCE CO., et al., Defendants.**

**No. C 90 20284 JW (ARB).**

United States District Court, N.D. California.

Feb. 12, 1991.

Richard J. Wylie, Wylie, McBride, Jesinger & Sure, David Balter, San Jose, Cal., for plaintiff.

Peter Smalbach, Adams, Duque & Hazeltine, San Francisco, Cal., for defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

WARE, District Judge.

### I. INTRODUCTION

This action is a first party insurance lawsuit based on the alleged bad faith denial of an insured's claim for property damage under a homeowner's policy. On March 6, 1990, plaintiff, a citizen of California, filed a complaint against Allstate in the Santa Clara Superior Court for breach of contract and breach of the implied covenant of good faith and fair dealing. Allstate, an Illinois corporation with its principal place of business in Illinois, removed the case to the United States District Court for the Northern District of California on the grounds of diversity of citizenship.

Plaintiff now moves to remand the case to state court as improvidently removed, based upon her interpretation of 28 U.S.C. § 1332(c)'s definition of citizenship of insurance companies in "direct actions" and a recent Central District of California case which supports her reading of the statute. *See Chavarria v. Allstate Ins. Co.*, 749 F.Supp. 220 (C.D.Cal.1990). Defendant contends that despite the "aberrant" Central District decision, the controlling Ninth Circuit law unambiguously holds that this lawsuit is not a direct action, and that diversity is therefore complete. *See Beck-*

*ham v. Safeco Ins. Co.*, 691 F.2d 898 (9th Cir.1982). Defendant also seeks sanctions against plaintiff for bringing a clearly meritless motion. *Blake by and through Blake v. Nat. Cas. Co.*, 607 F.Supp. 189 (C.D.Cal.1984).

### II. DISCUSSION

Plaintiff relies upon 28 U.S.C. § 1332(c) which provides, in pertinent part:

in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

Plaintiff contends that her suit against Allstate is a "direct action" within the meaning of § 1332(c), and thus diversity jurisdiction is defeated. It is well-settled, however, that suits by insureds against *their own* out-of-state-insurers are not "direct actions" such as to defeat diversity jurisdiction pursuant to § 1332(c). *Beckham v. Safeco Insurance Co.*, 691 F.2d 898, 901–02 (9th Cir.1982).

This portion of § 1332(c) was enacted in 1964 specifically to eliminate from diversity jurisdiction tort claims in which both the injured party and the tortfeasor are local residents, but which, under state "direct action" statutes, are brought against the tortfeasor's foreign insurance carrier without joining the tortfeasor as a defendant. Courts have uniformly defined the term "direct action" as used in this section as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him. Thus, "unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action."

*Beckham v. Safeco Ins. Co.*, 691 F.2d 898, 901–02 (9th Cir.1982) (citations omitted).

*Beckham* renders it impossible to consider the instant action a "direct action," because plaintiff is not seeking to impose liability on Allstate for the negligence of its insured. Rather, plaintiff is seeking to impose liability on Allstate for its own tortious conduct, *i.e.,* Allstate's bad faith refusal to settle her claim and breach of the duty of good faith and fair dealing. *Beckham,* 691 F.2d at 902; *Blake,* 607 F.Supp. 189, 191 (C.D.Cal.1984) (it is impossible under *Beckham* to consider action for breach of duty of good faith a "direct action," because the cause of action against the insurance company was not of a nature that the liability sought could have been imposed against the insured); *see also, Bowers v. Continental Ins. Co.,* 753 F.2d 1574, 1576 (11th Cir.1985); *Barton v. Allstate Insurance Co.,* 729 F.Supp. 56, 56–57 (W.D.Tex.1990); *Mazzuka v. SMA Life Assurance Company,* 726 F.Supp. 1400, 1401 (E.D.N.Y.1990). Because the instant action is not a "direct action" within the meaning of 28 U.S.C. § 1332(c), diversity jurisdiction exists in this case.

*Chavarria v. Allstate Insurance Co.,* 749 F.Supp. 220 (C.D.Cal.1990), the only case which supports plaintiff's position, is not binding on this Court. In *Chavarria,* the court admitted that *Beckham* is contrary to its position, but reasoned that *Beckham* was no longer persuasive in light of the United States Supreme Court's ruling in *Northbrook National Insurance Co. v. Brewer,* 493 U.S. 6, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989). *Chavarria,* 749 F.Supp. at 222 n. 1. *Northbrook,* however, did not call *Beckham* into question.

In *Northbrook,* the Supreme Court only decided that the direct action proviso in § 1332(c) did not operate to defeat diversity jurisdiction in an action brought by an insurer against the insured. Indeed, the *Northbrook* Court specifically declined to define the meaning of "direct action" within the meaning of § 1332(c). 110 S.Ct. at 299 n. 1. The Supreme Court's declination to rule on the meaning of "direct action"

does not free this Court to ignore longstanding Ninth Circuit precedent.

In *Chavarria,* the court interpreted the text of § 1332(c) as providing that a suit by an insured against his or her insurer may be considered a direct action. Section 1332(c) provides that "in any direct action against the insurer ... to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen...." Since this Court can conceive of no circumstance in which the plaintiff insured could be joined as a party-defendant, it finds the reasoning in *Chavarria* unpersuasive.

Although this Court does not find *Chavarria* persuasive, especially in light of controlling Ninth Circuit authority to the contrary, Rule 11 sanctions are not warranted. In light of *Chavarria,* plaintiff's motion is based on "a good faith argument for the extension, modification, or reversal of existing law." Fed.R.Civ.P. 11.

## III. CONCLUSION

Plaintiff's Motion for Remand is hereby denied. Defendant's Motion for Rule 11 Sanctions is hereby denied.

IT IS SO ORDERED.