**KIMBALL SMALL PROPERTIES, et al., Plaintiffs,**

v.

**AMERICAN NATIONAL FIRE INSURANCE COMPANY, et al., Defendants.**

No. C–90–20387 (SW).

United States District Court, N.D. California.

Feb. 13, 1991.

Daniel Pyne and Alexander Stuart of Hoge, Fenton, Jones & Appel, Inc., San Jose, Cal., for plaintiffs.

Robert Helmenstine and Stephen Carlson of Lynch, Loofbourrow, Helmenstine, Giladi, & Grummer, San Francisco, Cal., for defendant American Nat. Fire Ins. Co.

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

SPENCER WILLIAMS, District Judge.

This matter came before this Court on Plaintiff's Motion to Remand. The motion is DENIED.

BACKGROUND:

Plaintiffs Kimball Small Properties, Westall Corporation, Kimball Small Investments 103, Camsi III, and Oakmead Holdings, Inc., sued defendants for breach of insurance contract and bad faith. Plaintiffs in this suit are defendants in an underlying state civil suit which alleges that plaintiffs created property damage while leasing property. Plaintiffs turned to defendants here, plaintiff's insurers, for coverage, but defendants denied coverage. Plaintiffs then brought this suit against defendants, alleging breach of insurance contract and bad faith and seeking declaratory action.

Defendants are insurers of plaintiffs and citizens of states other than California.

DISCUSSION:

Defendants removed this suit from state court pursuant to 28 U.S.C. § 1441, claiming that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs now move for remand pursuant to 28 U.S.C. § 1447, arguing that this court does not have diversity jurisdiction because the insurers should be treated as having the same citizenship as the insureds, pursuant to 28 U.S.C. § 1332(c)(1).

This court has diversity jurisdiction over cases in which the parties are citizens of different states and in which the amount in controversy exceeds $50,000.00. 28 U.S.C. § 1332(a). For purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441 (removal), a corporation is a citizen of the state in which it resides, "except that *in a direct action against* the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed to be a citizen of the State in which the insured is a citizen...." 28 U.S.C. § 1332(c)(1) (emphasis added). Therefore, in adjudicating a "direct action" suit against an insurance company, the court should treat the insurance company as if it has the same citizenship of the insured.

In the case at bar, if § 1332(c)(1) applied, diversity jurisdiction would be destroyed because defendants would be considered to be citizens of the same state as plaintiffs.

Plaintiffs argue that § 1332(c)(1) applies to this suit because this suit is a "direct action" against the insurers. Plaintiffs base this novel interpretation of § 1332(c)(1) on *Chavarria v. Allstate Ins. Co.*, 749 F.Supp. 220 (C.D.Cal.1990). *Chavarria*, in turn, allegedly based its holding on an interpretation of *Northbrook Nat'l*

*Ins. Co. v. Brewer,* 493 U.S. 6, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989).

The Ninth Circuit has defined a "direct action" for purposes of analyzing § 1332(c)(1) as a case "in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurance without joining the insured or first obtaining a judgment against him." *Beckham v. Safeco Ins. Co. of America,* 691 F.2d 898, 901–902 (9th Cir.1982); *see also, Blake v. Nat'l Cas. Co,* 607 F.Supp. 189, 191 (C.D.Cal.1984) (holding that § 1332(c)(1) does not apply to bad faith action brought by insured against insurer). A bad faith action by an insured against its own insurer is clearly not a "direct action" as defined by *Beckham.*

*Chavarria* held that a bad faith claim by an insured against an insurance company is a "direct action" and thus that § 1332(c)(1) required the defendant, the insurer, to be considered a citizen of the same state as the plaintiff, the insured. 749 F.Supp. at 222–223. *Chavarria* explicitly rejected the definition of "direct action" in *Beckham,* holding that *Northbrook* had implicitly overturned the definition of "direct action" in *Beckham. Id.* at 222, n. 1.

In *Northbrook,* the court addressed the narrow issue of whether a direct action brought *by* rather than *against* an insurance company bars diversity jurisdiction under § 1332(c)(1). *Id.* 110 S.Ct. at 299. The plain language of § 1332(c)(1) states that when a direct action is brought *against* the insurance company, the company is deemed to have the citizenship of the insured. In *Northbrook,* defendant Brewer was injured and filed a workers' compensation claim against the employer's insured rather than against the employer, as required by Tex.Rev.Civ.Stat.Ann., Art. 8306, § 3(a). *Id.* 110 S.Ct. at 298. The accident board found in Brewer's favor and against Northbrook. *Id.* 110 S.Ct. at 298. Pursuant to Texas law, Northbrook as plaintiff then filed suit against Brewer as defendant in federal court to overturn the accident

board's findings. *Id.* Northbrook claimed diversity of citizenship because it was an Illinois corporation. Brewer claimed that the federal action was a "direct action" and that the court should treat Northbrook as if it were a citizen of the insured, pursuant to § 1332(c)(1). *Id.* 110 S.Ct. at 298–299.

The Court declined to decide whether the suit was a "direct action" for purposes of § 1332(c)(1). *Id.* 110 S.Ct. at 299, n. 1.[1] However, the Supreme Court held that § 1332(c)(1) did not apply to the case before it because Northbrook had brought the "direct action" suit rather than having the direct action brought against it. Thus, the Court considered Northbrook to be an Illinois corporation for purposes of analyzing diversity jurisdiction.

The holding of *Northbrook* in no way reversed the definition of "direct action" in *Beckham* and actually supports the definition of "direct action" in *Beckham.* The Court in *Northbrook* discussed the legislative history of § 1332(c)(1) and found that Congress created § 1332(c)(1) in direct response to the creation of the Louisiana "direct action" statute:

> Congress added the proviso to § 1332(c) in 1964 in response to a sharp increase in the caseload of federal district courts in Louisiana resulting largely from the State's adoption of a direct action statutes, La.Rev.Stat.Ann. § 22.655 (West 1959).... Congress enacted the proviso "to eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant."

*Northbrook,* 110 S.Ct. at 299 (cites omitted). Thus, the Court found that the legislative history supports the interpretation that § 1332(c)(1) applies only to cases brought pursuant to a "direct action" statute.

---

**1.** However, the Fifth Circuit considers an action brought under Tex.Rev.Civ.Stat.Ann., Art. 8306, § 3(a) to be a "direct action." *Hernandez v.*

*Travelers Ins. Co.,* 489 F.2d 721, 724 (5th Cir.), *cert. denied,* 419 U.S. 844, 95 S.Ct. 78, 42 L.Ed.2d 73 (1974). This ruling has not been overturned.

Since plaintiffs did not bring this case pursuant to a "direct action" statute, § 1332(c)(1) does not apply. The defendants will not be deemed to be citizens of the states of their insureds. Thus, diversity jurisdiction is not destroyed.

IT IS SO ORDERED.