Edith KELLY, as Conservator of Patrick Richard Weber and Kelly Joseph Weber; and Robert J. Todd, as Administrator of the Estates of Mary E. Weber and Thomas Lee Weber, Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Third–Party Plaintiff,

v.

Robert J. TODD, Individually; and Daniel E. Cahill, Third–Party Defendants.

Civ. No. 90–33–D–2.

United States District Court, S.D. Iowa, Davenport Division.

May 21, 1991.

Steven J. Crowley and J. Bryan Schulte, Ruther, Bauer, Schulte & Hahn, Burlington, Iowa, for plaintiffs.

Henry A. Harmon and Daniel J. Hanson, Grefe & Sidney, Des Moines, Iowa, for defendant and third-party plaintiff.

Charles W. Brooke, Lane & Waterman, Davenport, Iowa, for third-party defendants.

VIETOR, Chief Judge.

Plaintiffs Edith Kelly and Robert Todd move to remand this action to state court for lack of subject matter jurisdiction, and move to strike an affirmative defense of defendant State Farm Mutual Automobile Insurance Company (State Farm). State Farm resists both motions, and the motions are submitted.

## I. Subject Matter Jurisdiction

Plaintiffs originally brought suit in the Iowa District Court for Des Moines County alleging State Farm wrongfully withheld payments due under an insurance policy covering Patrick, Kelly, Mary, and Thomas Weber. State Farm removed the case to federal court based on diversity of citizenship jurisdiction, 28 U.S.C. § 1332. Plaintiffs have since recast their complaint to allege State Farm's breach of its duty of good faith and fair dealing.

Plaintiffs move to remand because

in any direct action against the insurer * * *, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen * * *.

28 U.S.C. § 1332(c)(1). If State Farm is deemed a citizen of the same state as the Webers, diversity of citizenship jurisdiction is lacking.

■ The words "direct action" limit the application of section 1332(c)(1) to "those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901–02 (9th Cir.1982). *See also Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989) (recounting legislative history); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 847 (10th Cir.1988), *cert. denied*, 489 U.S. 1080, 109 S.Ct. 1534, 103 L.Ed.2d 839 (1989); *Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir.1985); *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir. 1979). "Thus, 'unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action.'" *Beckham*, 691 F.2d at 902 (quoting *Walker v. Firemans Fund Ins. Co.*, 260 F.Supp. 95, 96 (D.Mont.1966)).

■ A complaint against an insurer for breach of its duty of good faith and fair dealing is not a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1). *Tuck*, 859 F.2d at 847; *Basel v. Allstate Ins. Co.*, 757 F.Supp. 39, 41 (N.D.Cal.1991); *Blake ex rel. Blake v. National Casualty Co.*, 607 F.Supp. 189, 191 (C.D.Cal.1984). *Contra Chavarria v. Allstate Ins. Co.*, 749 F.Supp. 220, 222 (C.D.Cal.1990). Plaintiffs' motion to remand will be denied.

## II. Affirmative Defense

■ Plaintiffs move to strike the affirmative defense of comparative fault. "In considering a motion to strike a defense, 'the facts underlying it must be taken to be those set up in the ... answer.'" *Centronics Fin. Corp. v. El Conquistador Hotel Corp.*, 573 F.2d 779, 782 (2d Cir.1978) (quoting *Kelly v. Kosuga*, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1958)). In addition to its answer, State Farm also pleads a counterclaim and a third-party complaint.

## A. Plaintiffs' Allegations

On November 28, 1988, Patrick, Kelly, Mary and Thomas Weber were passengers in a car Richard Weber owned and was operating. The car was involved in a collision in Lewis County, Missouri. Due to this collision, the occupants of the car sustained personal injuries, which resulted in the death of Mary, Thomas, and Richard Weber. Edith Kelly is the conservator of Patrick and Kelly Weber, and Robert Todd is the administrator of the estates of Mary and Thomas Weber. At the time of the accident the Webers were insureds under a contract of motor vehicle insurance that State Farm issued.

Within forty days following the accident, plaintiffs contacted State Farm and inquired as to benefits available to them. State Farm intentionally failed to disclose the coverage and benefits payable to plaintiffs, and unreasonably withheld and delayed payment of benefits to plaintiffs.

## B. Defendant's Allegations

State Farm denies the allegations in the preceding paragraph. State Farm's third-party complaint states that Todd, an attorney, initially undertook the representation of the estates of Mary, Thomas, and Richard Weber, as well as the conservatorships of Patrick and Kelly Weber. Because Todd was unable to handle the claims, Edith Kelly sought the services of attorney Daniel E. Cahill. On May 5, 1989, Cahill was apprised of information which demonstrated that State Farm was ready, willing, and able to pay insurance benefits to the conservatorships of which Edith Kelly is a conservator, without the necessity of a law suit. Cahill did not timely disclose this information to Kelly, and on May 19, 1989, he brought suit in state court. Todd and Cahill were inexperienced in the area of automobile insurance, including the areas of liability insurance and uninsured motorist insurance, and they did not disclose their inexperience to their clients. As a result of their inexperience, the attorneys caused delays in settlement of the insurance claims, thereby damaging their clients.

State Farm makes the following allegations of comparative fault as an affirmative defense:

a. The plaintiffs' counsel were negligent and/or reckless in failing to act as reasonable persons with specialized legal knowledge, skill, training and experience, when information was provided to them by State Farm concerning coverage;

b. The plaintiffs' counsel were negligent and/or reckless in failing to warn or disclose to their clients that they lacked experience in matters involving automobile insurance in general and uninsured motorist coverage in particular;

c. The plaintiffs and their counsel were negligent and/or reckless and dilatory in their handling of the claims of the estates and the conservatorships, which proximately caused the damages being claimed * * *;

d. The plaintiffs have failed to mitigate the damages * * *.[1]

Amendment to Answer ¶ 1.

### C. Discussion

When jurisdiction is based on diversity of citizenship, "the law to be applied * * * is the law of the State." *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). It is undisputed that this case involves Iowa law. If Iowa law is unclear or unsettled, I must judicially estimate what the Iowa Supreme Court would decide. *Gearhart v. Uniden Corp.*, 781 F.2d 147, 149 (8th Cir.1986); *Heeney v. Miner*, 421 F.2d 434, 439 (8th Cir.1970).

▆▆▆▆ In 1982, the Iowa Supreme Court adopted third-party bad faith as a cause of action. *Kooyman v. Farm Bureau Mut. Ins. Co.*, 315 N.W.2d 30, 33–34 (Iowa 1982). This cause of action arises when an insurer, in bad faith, breaches an agreement to indemnify its insured against potential liability to third persons. Phelan, *The First Party Dilemma: Bad Faith or Bad Business?*, 34 Drake L.Rev. 1031, 1032 (1985–86). Two years later, in 1984, the Iowa legislature adopted a comparative fault tort system. 1984 Iowa Acts ch. 1293, codified

at Iowa Code ch. 668. The statute applies to tortious "conduct that is negligent or reckless or subjects a person to strict tort liability or breach of warranty." *Tratchel v. Essex Group, Inc.*, 452 N.W.2d 171, 180 (Iowa 1990). In 1988, the Iowa Supreme Court extended the bad faith cause of action to first-party situations. *Dolan v. Aid Ins. Co.*, 431 N.W.2d 790 (Iowa 1988). A first-party suit, like plaintiffs', is a cause of action against an insurer for bad faith failure to pay its own insured. Phelan, *supra*. To establish their claim, plaintiffs must prove:

1. That there is no reasonable basis for denying or delaying payment of benefits;

2. That Defendant knew or should have known that there was not a reasonable basis for denying payment.

*Kiner v. Reliance Ins. Co.*, 463 N.W.2d 9, 12 (Iowa 1990) (emphasis deleted).

State Farm essentially alleges that the negligent actions of Todd and Cahill caused it to deny or delay payment of benefits. Evidence of such actions might convince the trier of fact that State Farm had "a reasonable basis for denying or delaying payment of benefits." Because the plaintiffs must, however, prove an *absence* of a reasonable basis, State Farm's allegation is merely an evidentiary elaboration of its denial rather than an affirmative defense. *See* 61A Am.Jur. *Pleading* §§ 152–53 (1981).

▆▆▆▆ In aid of its interpretation of the comparative fault statute, the Iowa Supreme Court notes that the legislature is presumed to be aware of common law doctrine. *Slager v. HWA Corp.*, 435 N.W.2d 349, 354 (Iowa 1989). Thus, unless the legislature specifically provides otherwise, the comparative fault statute does not apply to causes of action where the common law does not recognize negligence as a defense. *Tratchel*, 452 N.W.2d at 180 (fraud); *Slager*, 435 N.W.2d at 353 (dramshop act, Iowa Code § 123.92). Like fraud claims and the dram shop act, contributory

---

**1.** The Iowa comparative fault act defines "fault" to include "unreasonable failure to avoid an injury or to mitigate damages." Iowa Code § 668.1.

fault is not a defense to the bad faith cause of action. A plaintiff's breach of obligations under the insurance contract does not excuse the insurer from its duty of good faith and fair dealing. *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 578–79, 108 Cal.Rptr. 480, 488, 510 P.2d 1032, 1040 (1973). Just as the legislature "could have easily included fraud in [the comparative fault act,]" *Tratchel*, 452 N.W.2d at 181, so too the legislature could have included bad faith actions. Although the Iowa Supreme Court did not recognize first-party bad faith as a cause of action until 1988, it adopted third-party bad faith as a cause of action in 1982. *Kooyman*, 315 N.W.2d at 33–34.

The parties focus their arguments on whether bad faith claims are properly characterized as intentional torts or not. On this matter, Iowa law is less than clear. In *Kiner*, 463 N.W.2d 9, the Iowa Supreme Court revised the elements that a plaintiff must prove to establish first-party bad faith that the court had earlier established in *Dolan*. In *Dolan*, the court stated:

> To show a claim for [first-party] bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim.

431 N.W.2d at 794 (quoting *Anderson v. Continental Ins. Co.*, 85 Wis.2d 675, 691, 271 N.W.2d 368, 376 (1978)). Although the court included "reckless disregard" as an element, it continued, "[t]his test creates an objective standard and makes clear the intentional nature of the tort." *Id.* In *Kiner*, the trial court instructed the jury that plaintiff must prove "[t]hat Defendant knew or *should have known* that there was not a reasonable basis for denying payment." 463 N.W.2d at 12 (emphasis in original). The insurance company appealed arguing that *Dolan* requires an element of intent, which the jury instruction lacked. The Iowa Supreme Court did not directly address this argument, but it affirmed noting that "reckless disregard," as stated in *Dolan*, is not "a necessary element in a bad-faith claim. It is sufficient to show that the insurer denied the claim knowing

or having reason to know that its denial is without basis." *Kiner*, 463 N.W.2d at 13.

Ultimately, how a tort is labelled is not determinative of the application of Iowa's comparative fault statute. For example, in *Slager* the Iowa Supreme Court refused to apply the comparative fault statute to the dram shop act even though the act is characterized as imposing strict liability. *Slager*, 435 N.W.2d at 353–54. *See also Arnold v. City of Cedar Rapids*, 443 N.W.2d 332, 333 (Iowa 1989) (assumption of risk).

█ Based on the foregoing, I judicially estimate that the Iowa Supreme Court would hold that the Iowa comparative fault statute, chapter 668 of the Iowa Code, does not apply to first-party bad faith actions. Because the defense of mitigation is a separate defense that State Farm must plead and prove, *Modern Leasing, Inc. of Iowa v. Falcon Mfg. of California, Inc.*, 888 F.2d 59, 62 (8th Cir.1989); *Sayre v. Musicland Group, Inc.*, 850 F.2d 350, 354 (8th Cir. 1988), the motion to strike this defense will be denied.

### Rulings and Order

The motion of plaintiffs Edith Kelly and Robert Todd to remand this action to state court, filed March 6, 1991, is DENIED. The motion of plaintiffs to strike the affirmative defense of comparative fault, filed December 20, 1990, is GRANTED as to paragraphs 1(a) through 1(c) of defendant's Amendment to Answer, and DENIED as to paragraph 1(d).

IT IS ORDERED that paragraphs 1(a) through 1(c) of the affirmative defense of comparative fault be STRICKEN.