Greg E. SEARLES, Plaintiff–Appellant,

v.

CINCINNATI INSURANCE COMPANY,
Defendant–Appellee.

No. 92–55005.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 1993.

Decided July 12, 1993.

David C. Byers, Sherman Oaks, CA, for
plaintiff-appellant.

Jeffery J. Daar, Daar & Newman, Los
Angeles, CA, for defendant-appellee.

Before: BROWNING, BRIGHT * and
TANG, Circuit Judges.

TANG, Circuit Judge:

Greg Searles, a resident of Arizona,
brought an action in the Central District of
California against Cincinnati Insurance Com-
pany ("Cincinnati"), which has its principal
place of business in Cincinnati, Ohio.
Searles alleged that Cincinnati breached its
insurance contract when it failed and refused
in bad faith to indemnify Searles for damages
and costs of defense resulting from an action
brought against Searles for libel, slander,
unfair competition and malicious prosecution.
Before Cincinnati filed its answer, the dis-
trict court *sua sponte* dismissed the action
without prejudice for lack of diversity juris-
diction under 28 U.S.C. § 1332(c)(1). Be-
cause a bad faith insurance action is not a
"direct action" under § 1332(c)(1), we reverse
and remand for further proceedings.

## DISCUSSION

Section 1332(c)(1), 28 U.S.C., provides:

[A] corporation shall be deemed to be a
citizen of any State by which it has been
incorporated and of the State where it has
its principal place of business, *except that
in any direct action against the insurer of
a policy or contract of liability insurance
... to which action the insured is not
joined as a party-defendant, such insurer
shall be deemed a citizen of the State of
which the insured is a citizen,* as well as of
any State by which the insurer has been
incorporated and of the State where it has
its principal place of business.

(Emphasis added).

In *Beckham v. Safeco Ins. Co.*, 691
F.2d 898, 902 (9th Cir.1982), we held that a
bad faith action against a plaintiff's own in-

* Honorable Myron H. Bright, Senior Circuit Judge

for the Eighth Circuit, sitting by designation.

surer is not a "direct action" within the meaning of § 1332(c)(1). We concluded that § 1332(c)(1) applies to

> those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him....

Thus, "unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Id.* at 901–02 (citations and quotation omitted). Many other courts have reached the same conclusion that a "first party" insurance action, or a suit by an insured against an insurer, is not a "direct action." *See Myers v. State Farm Ins. Co.,* 842 F.2d 705, 707 (3rd Cir.1988); *Bowers v. Continental Ins. Co.,* 753 F.2d 1574, 1576 (11th Cir.), *cert. denied,* 473 U.S. 906, 105 S.Ct. 3531, 87 L.Ed.2d 655 (1985); *Velez v. Crown Life Ins. Co.,* 599 F.2d 471, 473 (1st Cir.1979); *Vargas v. California State Automobile Ass'n Inter–Insurance Bureau,* 788 F.Supp. 462, 463–64 (D.Nev.1992); *Field v. Liberty Mut. Ins. Co.,* 769 F.Supp. 1135, 1138 (D.Haw.1991); *Basel v. Allstate Ins. Co.,* 757 F.Supp. 39, 40–41 (N.D.Cal. 1991); *Kimball Small Properties v. American Nat'l Fire Ins. Co.,* 755 F.Supp. 1465, 1467–68 (N.D.Cal.1991); *Blake v. National Casualty Co.,* 607 F.Supp. 189, 191 (C.D.Cal. 1984).

In dismissing this action, the district court followed *Chavarria v. Allstate Ins. Co.,* 749 F.Supp. 220 (C.D.Cal.1990). In *Chavarria,* the court held that *Beckham* was no longer good law after the Supreme Court's decision in *Northbrook Nat'l Ins. Co. v. Brewer,* 493 U.S. 6, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989). *Id.* at 222–23. In *Northbrook,* an Illinois workers' compensation insurer brought an action against a Texas employee to challenge an award of compensation benefits by the Texas Industrial Accident Board. Applying the plain language of § 1332(c)(1) restricting the provision to a direct action *against an insurer,* the Court held that the action *by an insurer against an insured* did not fall within § 1332(c)(1). *Northbrook,* 493 U.S. at 12–13, 110 S.Ct. at 301.

*Northbrook* explicitly did not address the meaning of a "direct action." *Id.* at 9 n. 1,

110 S.Ct. at 299 n. 1. Moreover, the narrow holding in *Northbrook* is not contrary to our interpretation of "direct action" in *Beckham.* The *Chavarria* decision does not follow binding Ninth Circuit precedent and has been criticized on this basis. *See Vargas,* 788 F.Supp. at 463; *Field,* 769 F.Supp. at 1138 n. 2; *Basel,* 757 F.Supp. at 41; *Kimball Small Properties,* 755 F.Supp. at 1466.

Further, the legislative history of § 1332(c)(1) supports the result in *Beckham.* As explained in *Northbrook,* the provision was enacted in response to an increase in the caseload of federal district courts in Louisiana resulting from that state's adoption of a "direct action" statute. *Northbrook,* 493 U.S. at 9–10, 110 S.Ct. at 299. The statute allowed an injured party to sue a tortfeasor's insurer directly without joining the tortfeasor as a defendant, which created diversity jurisdiction in a large number of cases. *Id.*

> Believing that such suits did "not come within the spirit or the intent of the basic purpose of the diversity jurisdiction of the Federal judicial system," Congress enacted the proviso "to eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly *against* a foreign insurance carrier without joining the local tortfeasor as a defendant."

*Id., citing* S.Rep. No. 1308, 88th Cong., 2d Sess. 1, 7 (1964); U.S.Code Cong. & Admin.News 1964, p. 2778–79, 2784. *See also Beckham,* 691 F.2d at 901 (same).

The district court held in *Chavarria,* and Cincinnati argues here, that applying § 1332(c)(1) to bad faith actions is consistent with its purpose to prevent insurance litigation from increasing court congestion, and that an insurance company doing business in the state in which the suit is brought is not subject to local prejudice. *Chavarria,* 749 F.Supp. at 223. However, the Supreme Court rejected this broad approach to precluding federal jurisdiction in all cases in which an insurance company is a party, noting that Congress had not specifically expressed any concern about diversity actions filed *by* insurance carriers. *Northbrook,* 493 U.S. at 9–10, 12, 110 S.Ct. at 299, 301 ("[W]e refuse to attribute to Congress an intent broader than that specifically expressed in

the direct action proviso."). Similarly, Congress did not specifically express any concern about diversity jurisdiction over bad faith actions brought by an insured against his or her own insurer.

Cincinnati also argues that the "plain language" of the statute, which precludes diversity jurisdiction in "direct actions" rather than in suits pursuant to "direct action statutes," requires this court to apply § 1332(c)(1) to a bad faith action. While Cincinnati is correct that the plain language of a statute must be followed, *Northbrook*, 493 U.S. at 9–10, 110 S.Ct. at 299, the meaning of "direct action" is not clear from the statutory language. The legislative history thus must be consulted, and as explained by the Supreme Court, § 1332(c)(1) was intended to eliminate diversity jurisdiction for "suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant." *Northbrook*, 493 U.S. at 10, 110 S.Ct. at 299.

## CONCLUSION

In *Beckham*, we held that a bad faith action brought by an insured against the insurer is not a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1). Rather, a direct action is one in which a plaintiff is entitled to bring suit against the tortfeasor's liability insurer without joining the insured. The Supreme Court's decision in *Northbrook* did not address the meaning of a "direct action," and thus does not dictate a contrary result. Section § 1332(c)(1) does not preclude diversity jurisdiction in this case.

REVERSED and REMANDED.

* The panel unanimously finds these cases suitable for decision without oral argument. Fed.