**David D. CORN, and Martha Corn, Plaintiffs,**

v.

**PRECISION CONTRACTING, INC.; Danny Beachboard; and Travelers Property Casualty Insurance Corp., Defendants.**

**No. CIV. 1:02CV193.**

United States District Court, W.D. North Carolina, Asheville Division.

Oct. 7, 2002.

---

**9.** Indeed, Plaintiffs have stated facts sufficient     to warrant a claim for *quantum meruit.*

Jones P. Byrd, Donald R. Pocock, Van Winkle, Buck, Wall, Starnes & Davis, P.A., Asheville, NC, for plaintiffs.

Steven D. Cogburn, Cogburn, Goosmann, Brazil & Rose, P.A., Asheville, NC, for defendants.

### ORDER OF REMAND

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the Plaintiffs' motion to remand the action to state court.

### I. PROCEDURAL HISTORY

On July 19, 2002, Plaintiffs initiated a declaratory judgment action in the General Court of Justice, Superior Court Division, Buncombe County, North Carolina. In that action, they requested a declaration that a 1999 amendment to N.C. Gen.Stat. § 20–309(a) applies to a liability insurance policy issued by Defendant Travelers Property Casualty Insurance Corporation (Travelers) to Defendant Precision Contracting, Inc. (Precision) and in place on May 19, 2000, when a tractor trailer owned by Precision and operated by Precision's employee, Defendant Danny Beachboard, was involved in an accident with the Plaintiffs' vehicle. Plaintiffs also have pending a separate state court action against Precision and Beachboard for negligence in which Travelers is not named as a defendant.

On August 23, 2002, Travelers removed the state declaratory judgment action to this Court on the grounds of diversity

jurisdiction. Plaintiffs have moved to remand the action to state court.

## II. DISCUSSION

A civil action brought in state court may be removed to federal court if a ground for original jurisdiction exists. 28 U.S.C. § 1441(a). Travelers claims there is diversity jurisdiction because Defendants Precision and Beachboard are not necessary parties but were joined merely to defeat diversity. In the alternative, it argues that they should be aligned as parties plaintiff.

If Precision is not a necessary party, and thus, deleted from the declaratory judgment action, then 28 U.S.C. § 1332(c)(1) applies.

[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance, . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen,* as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business[.]

28 U.S.C. § 1332(c)(1) (emphasis added). "Section 1332(c)(1) creates a special rule for insurers in 'direct actions'—that is, cases in which a person with a claim against the insured sues the insurer directly. In direct actions, insurers have not only their normal citizenship(s), but also the citizenship(s) of the insured." *Indiana Gas Co., Inc. v. Home Ins. Co.,* 141 F.3d 314, 317 (7th Cir.1998). The section applies to

those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him . . . . Thus, "unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action."

.    .    .    .    .

§ 1332(c)(1) was intended to eliminate diversity jurisdiction for "suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant."

*Searles v. Cincinnati Ins. Co.,* 998 F.2d 728, 729–30 (9th Cir.1993) (quoting *Beckham v. Safeco Ins. Co.,* 691 F.2d 898, 901–02 (9th Cir.1982) and *Northbrook Nat'l Ins. Co. v. Brewer,* 493 U.S. 6, 10, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989)). Thus, a direct action would not include an action by the insured against the insurer based on its independent wrongs. *Id.* Such claims include "actions brought against the insurer either by the insured for failure to pay policy benefits or by an injured third party for the insurer's failure to settle within policy limits or in good faith." *Rosa v. Allstate Ins. Co.,* 981 F.2d 669, 675 (2nd Cir.1992).[1]

If this declaratory judgment action is a "direct action," then Travelers has the same citizenship as Precision and diversity jurisdiction is defeated whether or not Precision is named as a defendant. The

---

1. The undersigned notes that the sparse case law on this issue is most likely due in part to 28 U.S.C. § 1447(d) which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal . . . ."

issue then is whether this is such an action. Travelers has admitted that it issued a policy to Precision, in effect on the date of the accident, with liability limits of $100,000 per person and $300,000 per accident. Answer and Motion to Dismiss, filed August 23, 2002. It has also admitted that Defendant Beachboard was negligently at fault in causing the accident and it has tendered the policy limit of $100,000 to the Plaintiffs. *Id.* The only dispute between the parties is whether the 1999 amendment to N.C. Gen.Stat. § 20–309 which increased the minimum amount of insurance coverage for commercial carriers applies to this insurance contract. If it does, then Travelers' coverage increases from $100,000 to $750,000.[2]

■ "[A] 'direct action' is a tort claim in which the insurer essentially stands in the shoes of its legally responsible insured ...." *Rosa*, 981 F.2d at 677. This is in contrast to cases in which the injured party "seeks to hold the insurer responsible for breaching the terms of its insurance policy or for its independent tortious acts." *Id.* Travelers has admitted the negligence of its insured and its obligation to pay under its policy; the only question involves the limits of that policy. Travelers does, in this case, stand in the shoes of its insured and is ready to abide by its policy. "The statute will not defeat diversity jurisdiction unless there is a claim held by a third party against an insured (for example, for intentional tort, fraud or negligence) that is identical to the one asserted against the insurance company as within the zone of primary liability for which the company issued the policy." 15 *Moore's*

*Federal Practice,* § 102.58[3] (3rd ed.). Such is the case here; Travelers acknowledges its obligation to pay on behalf of the policy as a result of the negligent conduct of its insured. "[T] he insurer's status is that of payor of a judgment based on the negligence of one of its insureds." *Id.* The only issue is the amount of that judgment. Travelers has neither breached the contract nor committed an independent tort. Nor is this a matter involving the interpretation of the insurance policy itself. "One of Congress's main purposes in enacting § 1332(c)(1) was to curtail the availability of diversity jurisdiction." *Mennen Co. v. Atlantic Mut. Ins. Co.*, 147 F.3d 287, 290 (3rd Cir.1998). The undersigned finds that this declaratory judgment action is a direct action pursuant to § 1332(c)(1).

■ However, even if diversity jurisdiction existed, this Court would abstain from exercising it in this case.

[A] federal court's exercise of discretion in deciding whether to invoke *Burford* abstention "must reflect principles of federalism and comity." These constitutional commitments require federal courts to "exercise their discretionary power with proper regard for the rightful independence of state governments in carrying out their domestic policy." Courts should abstain from deciding cases presenting "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar," or whose adjudication in a federal forum "would be disruptive of state efforts to establish a coherent poli-

2. Section 20–309 of the North Carolina General Statutes, as amended, provides in pertinent part as follows:

(a) No motor vehicle shall be registered in this State unless the owner at the time of registration has financial responsibility for the operation of such vehicle, as provided in this Article....

(a1) An owner of a commercial motor vehicle ... shall have financial responsibility for the operation of the motor vehicle in an amount equal to that required for for-hire carriers transporting nonhazardous property in interstate or foreign commerce in 49 C.F.R. § 387.9.

cy with respect to a matter of substantial public concern."

*First Penn–Pacific Life Ins. Co. v. Evans,* 304 F.3d 345, 347 (4th Cir.2002) (quoting *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 728, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996); *Burford v. Sun Oil Co.,* 319 U.S. 315, 318, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); and *New Orleans Public Serv., Inc. v. Council of New Orleans,* 491 U.S. 350, 361, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989)).

The "highly regulated state process" involved in vehicle financial responsibility is "a matter of substantial public concern." *Id.,* at 348–49. Whether the amendment at issue took effect in December 1999 or September 2000, as argued for by Travelers, is a matter of serious state concern. *Myles Lumber Co. v. CNA Fin. Corp.,* 233 F.3d 821, 824 (4th Cir.2000) (In determining whether to abstain from jurisdiction over a declaratory judgment action, the court should consider "the strength of the state's interest in having the issues … decided in the state courts …."). "Abstention gives federal courts the flexibility to avoid exercising jurisdiction when doing so would be 'disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.' " *Gross v. Weingarten,* 217 F.3d 208, 222 (4th Cir. 2000) (quoting *New Orleans, supra* ). Any ruling by this Court would of necessity impact other cases involving the same issue. *Myles Lumber, supra* (The court should also consider "whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law." (citations omitted)). "Insurance regulation has long been recognized as an area of traditional state concern …." *Gross,* 217 F.3d at 223. Moreover, a ruling by this Court would preempt North Carolina's courts in determining the issue, and there has been no showing that

resolution here would be more efficient. *Myles Lumber, supra.* "Where the exercise of federal jurisdiction would in fact … impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, abstention would be warranted." *Gross, supra* (internal citations omitted). Section 20–309(a1) requires commercial carriers to carry insurance. If this Court interprets the amendment's effective date, it could easily impair or supersede the statute, especially since there are as yet no reported state court cases on the issue. *Johnson v. Collins Entertainment Co., Inc.,* 199 F.3d 710, 719 (4th Cir.1999) ("The Supreme Court has admonished the federal courts to respect the efforts of state governments to ensure uniform treatment of essentially local problems."). This declaratory judgment action clearly should be presented first to a state court. *Quackenbush,* 517 U.S. at 731, 116 S.Ct. 1712 (Abstention under *Burford* should occur "only where the relief being sought is equitable or otherwise discretionary."); *New Orleans, supra* (" '[D]ifficult questions of state law bearing on policy problems of substantial public import' " should first be presented to the state courts) (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 814, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)); *Johnson,* 199 F.3d at 720 ("When the district court interpreted this provision [of the statute at hand], it was necessarily trying to predict how the [North] Carolina Supreme Court would decide the question. [T]he state court system should have been permitted the first opportunity to resolve it." (internal citations omitted)).

## III. ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' motion to remand is **GRANTED** and this action is hereby remanded to the General Court of Justice,

Superior Court Division, Buncombe County, North Carolina.