859 F.2d 842
 Leroy TUCK, Administrator of the Estate of Johnny L. Tuck,
Deceased, Leroy Tuck, individually, and Dorothy
Tuck, individually, Plaintiffs-Appellees,
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, a corporation,
Defendant-Appellant.
 No. 85-2770.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 14, 1988.
 
 Patrick E. Carr, Carr & Carr, Tulsa, Okl., for plaintiffs-appellees.
 Linda G. Alexander, Niemeyer, Noland & Alexander, Oklahoma City, Okl., for defendant-appellant.
 Before ANDERSON and BALDOCK, Circuit Judges, and PARKER,* District Judge.
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 United Services Automobile Association (USAA) appeals from an adverse judgment, claiming, among other things, that the judgment was entered without subject matter jurisdiction. We remand to the district court for further consideration of the jurisdictional question.
 
 I.
 
 2
 In May 1982, Marine Corps Captain Johnny L. Tuck was killed in an automobile accident caused by an uninsured motorist.[1] Captain Tuck was insured by appellant USAA. Captain Tuck's parents, Leroy and Dorothy Tuck, appellees here, sought benefits under the uninsured motorist provision of the USAA policy. Their claim was effectively denied by USAA, and the Tucks brought this action under the diversity jurisdiction of the federal courts alleging (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) intentional infliction of emotional distress. The case was tried before a jury in the District Court for the Northern District of Oklahoma. The jury returned a verdict for the Tucks on all three claims. The jury awarded $100,000.00 as damages for breach of the insurance contract, $200,000.00 in actual damages and $500,000.00 in punitive damages for bad faith breach of the insurance contract, and $50,000.00 actual damages and $50,000.00 punitive damages for intentional infliction of emotional distress. After trial, USAA filed a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. The district court denied both motions, but did reduce the actual damage award for the bad faith claim to $75,000.00.
 
 
 3
 USAA filed a timely notice of appeal from the judgment. Several months after the appeal was filed, USAA filed with this court a motion to dismiss the action based on a lack of subject matter jurisdiction. USAA argued that there was a lack of complete diversity between the parties, requiring dismissal of the Tucks' action by this court. This was the first time that USAA had raised the question of subject matter jurisdiction.
 
 
 4
 The Tucks' complaint alleged that USAA was a "foreign corporation." R. Vol. I, Tab 1. USAA's answer admitted that allegation. Id. at Tab 6. The pretrial order incorporated those jurisdictional findings. Id. at Tab 37. On appeal, USAA revealed, for the first time, that it was not a corporation, but rather an unincorporated association organized under the insurance laws of the state of Texas. USAA correctly argued that the membership of an unincorporated association, for purposes of diversity jurisdiction, is the citizenship of all of its members. See Arbuthnot v. State Automobile Ins. Ass'n, 264 F.2d 260, 261-62 (10th Cir.1959). Because some members of USAA are citizens of Oklahoma, the home of the Tucks, USAA urged that complete diversity was lacking, and the federal courts had no power to hear this case. See Owen Equip. and Erection Co. v. Kroger, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402-03, 57 L.Ed.2d 274 (1978) (requirement of complete diversity).
 
 II.
 
 5
 The Federal Rules of Civil Procedures direct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir.1974) (emphasis in original). "If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter sua sponte. Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation." Id. (citations omitted).[2] See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court.... [A] party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.").
 
 
 6
 "[F]or purposes of diversity jurisdiction, the citizenship of an unincorporated association is the citizenship of the individual members of the association." Jett v. Phillips & Associates, 439 F.2d 987, 990 (10th Cir.1971); see United Steelworkers of America v. Bouligny, Inc., 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); see generally 13B C. Wright, A. Miller, E. Cooper, Federal Practice & Procedure Sec. 3630 (2d ed. 1984). This rule has been frequently criticized because often, as in this case, an unincorporated association is, as a practical matter, indistinguishable from a corporation in the same business. See Bouligny, 382 U.S. at 149-53, 86 S.Ct. at 274-76; Arbuthnot, 264 F.2d at 262; see also 3A J. Moore & J. Lucas Moore's Federal Practice, p 17.25, at 17-209 (1987 rev.) ("Congress should remove the one remaining anomaly and provide that where unincorporated associations have entity status under state law, they should be treated as analogous to corporations for purposes of diversity jurisdiction."). Unfortunately, while we may not like this requirement, and the results which sometimes follow, we do not have the power to change it.
 
 
 7
 This is not the first time that USAA has faced this problem. In Baer v. United Services Automobile Ass'n, 503 F.2d 393 (2d Cir.1974), plaintiff Baer appealed a judgment in favor of USAA to the Second Circuit. The Court of Appeals raised the question of jurisdiction sua sponte, and after a careful evaluation of USAA's status under Texas law, determined that, for diversity purposes, USAA was properly considered a citizen "of each and every state in which [it] has members." Id. at 395. The Tucks offer nothing that persuades us to depart from the holding in Baer.[3] Accordingly, we are forced to conclude that, as the case now stands, there is not complete diversity among the parties and subject matter jurisdiction is lacking.
 
 
 8
 We are not prepared, however, to grant USAA's motion to dismiss the action, for it is well-settled that nondiverse parties may be dismissed in order to preserve diversity jurisdiction. Miller v. Leavenworth-Jefferson Elec. Coop., Inc., 653 F.2d 1378, 1382 (10th Cir.1981); Jett, 439 F.2d at 989-90; see Harris v. Illinois-California Express, Inc., 687 F.2d 1361, 1369 (10th Cir.1982) ("a non-diverse party whose presence is not essential under Rule 19, ... may be dropped to achieve diversity"); 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, Sec. 1685, at 457 (2d ed. 1986) ("Courts frequently employ Rule 21 to preserve diversity jurisdiction over a case by dropping a nondiverse party if his presence in the action is not required under Rule 19."). "The court may dismiss a nondiverse party in order to achieve diversity even after judgment has been entered." Publicker Indust., Inc. v. Roman Ceramics Corp., 603 F.2d 1065, 1069 (3d Cir.1979); see Long v. District of Columbia, 820 F.2d 409, 416 (D.C.Cir.1987). Moreover, several circuits have held that courts of appeals may preserve diversity jurisdiction by dismissing nondiverse parties on appeal. See Long, 820 F.2d at 417; Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1523-24 (9th Cir.1987); Jaser v. New York Property Ins. Underwriting Ass'n, 815 F.2d 240, 243 (2d Cir.1987); but see Newman-Green, Inc. v. Alfonzo-Larrain, 854 F.2d 916 (7th Cir.1988) (en banc) (appeals court has no power to dismiss nondiverse party; remanded to district court).
 
 
 9
 Relying on these cases, the Tucks have filed in this court a motion to dismiss those members of USAA who are Oklahoma citizens. After a careful review of the Tucks' motion and the applicable law, however, we have determined that even if we have the power to dismiss nondiverse parties on appeal, the question is more appropriately remanded to the district court.
 
 
 10
 There are several factors which complicate the Tucks' belated effort to perfect diversity and require the attention of the district court. First, the suit was filed against USAA as an entity, not against the individual members of the association.[4] Therefore, a motion to dismiss the nondiverse members is not sufficient to create complete diversity because USAA, with its ubiquitous citizenship, remains a party to the action. Cf. Kaplan Co. v. Industrial Risk Insurers, 86 F.R.D. 484, 486 & n. 5 (E.D.Penn.1980) (District court concluded that "plaintiff may proceed in the absence of the association qua association and those of its members whose presence would destroy diversity."). It appears to us that the Tucks must now move to dismiss USAA from the suit and then add the diverse members of the association as defendants.[5] Therein lies the second problem, for the district court must determine if the Tucks, at this stage, may amend the complaint to add USAA's diverse members under Rule 19, and whether that amendment relates back to the filing of the complaint pursuant to Rule 15(c). See Jaser, 815 F.2d at 244 (service upon association constitutes service on all the individual members providing sufficient notice so that the amended complaint related back for statute of limitations purposes); see also Anderson v. Deere & Co., 852 F.2d 1244, 1247 (10th Cir.1988); Trombino v. Transit Casualty Co., 110 F.R.D. 139, 141-43 (D.R.I.1986); Kaplan, 86 F.R.D. at 491. The district court may also be required to determine if USAA, as an entity, may be dropped from the suit as a party that is not indispensable and whether the Oklahoma members of USAA are indispensable parties who must be joined. See Fed.R.Civ.P. Rules 19, 21; cf. Jaser, 815 F.2d at 243; Prescription Plan Serv. Corp. v. Franco, 552 F.2d 493, 496-98 (2d Cir.1977); Grand Sheet Metal Products Co. v. Aetna Casualty and Surety Co., 500 F.Supp. 904, 906 (D.Conn.1980); Kaplan, 86 F.R.D. at 489-91.
 
 
 11
 Fairness and the need to conserve judicial resources all weigh in favor of allowing the Tucks to amend the complaint so that this action may reach a conclusion in federal court. As the District of Columbia Circuit commented in similar circumstances: "we can see no reason to respond to the jurisdictional error by throwing out Long's entire suit and erasing nearly four years of litigation. 'Judicial economy, convenience and fairness to litigants' all counsel the opposite course." Long, 820 F.2d at 417 (citation omitted); see Newman-Green, Inc., 854 F.2d at 928 (Easterbrook, J., dissenting). While we can offer little detailed guidance to the district court in this matter, the most important inquiry is a practical one: If the Tucks could have originally framed this action against USAA in such a way as to properly invoke diversity jurisdiction, it seems pointless to dismiss the suit and force a refiling at this stage, provided, of course, that USAA is not prejudiced by allowing the Tucks to amend their pleadings.
 
 
 12
 We fully understand, however, that the Tucks and the district court may not be able to find a way out of this particular jurisdictional quagmire, forcing dismissal of the action. Should that occur, we direct the district court to consider the need for sanctions against USAA and/or its attorneys for allowing an action which they should have known to be improper to proceed, and the enormous waste of judicial time and resources. See Basso, 495 F.2d at 911; see also, Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group, 823 F.2d 302, 305 (9th Cir.1987); Eisler v. Stritzler, 535 F.2d 148, 152 (1st Cir.1976); Itel Containers Int'l Corp. v. Puerto Rico Marine Management, Inc., 108 F.R.D. 96, 102-06 (D.N.J.1985).
 
 III.
 
 13
 USAA raises an alternative jurisdictional argument that we can dismiss from further consideration. USAA argues that diversity jurisdiction is precluded by 28 U.S.C. Sec. 1332(c), which provides in pertinent part:
 
 
 14
 "[I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen."
 
 
 15
 We have reviewed the decisions applying this provision carefully and conclude that it is not applicable to the Tucks' claims against USAA. As the Eleventh Circuit recently explained:
 
 
 16
 "[This] section was enacted by Congress in order to eliminate the basis for diversity jurisdiction in states that allow an injured third-party claimant to sue an insurance company for payment of a claim without joining the company's insured as a party, where the insured would be a nondiverse party, even though the party insurance company would otherwise be diverse. But where the suit brought either by the insured or by an injured third party is based not on the primary liability covered by the liability insurance policy but on the insurer's failure to settle within policy limits or in good faith, the section 1332(c) direct action proviso does not preclude diversity jurisdiction."
 
 
 17
 Fortson v. St. Paul Fire and Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir.1985). In an action similar to that filed by the Tucks, the Ninth Circuit adopted a similar application of the statute, holding that "unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." Beckham v. Safeco Ins. Co. of America, 691 F.2d 898, 902 (9th Cir.1982) (quoting Walker v. Firemans Fund Ins. Co., 260 F.Supp. 95, 96 (D.Mont.1966)). As in Beckham, this is clearly not a direct action since the Tucks are not seeking to impose liability on USAA for the negligence of any party insured by USAA.[6] See also McGlinchey v. Hartford Accident and Indemnity Co., 666 F.Supp. 70, 71 (E.D.Pa.1987) (direct action provision doesn't bar suit under uninsured motorist provision); Irvin v. Allstate Ins. Co., 436 F.Supp. 575, 576-77 (W.D.Okla.1977) (same); 13B Federal Practice & Procedure, Sec. 3629, at 674-75 (direct action provision not applicable to suits under uninsured motorist provisions or for bad faith refusal to settle claims). Moreover, USAA offers no authority to suggest that the direct action provision of the diversity statute would be applicable to this case.
 
 
 18
 For the reasons explained above, we REMAND this action to the district court for appropriate motions by the plaintiffs and further proceedings consistent with this opinion.
 
 
 
 *
 Hon. James A. Parker, U.S. District Court, New Mexico, sitting by designation
 
 
 [1]
 The uninsured motorist later pleaded guilty to a charge of negligent homicide and was not a party to this action
 
 
 [2]
 The appellees ask that we follow Ferguson v. Neighborhood Housing Services, 780 F.2d 549, 551 (6th Cir.1986) where the court held that there was a "distinction between an admission that federal subject matter jurisdiction exists, and an admission of facts serving in part to establish federal subject matter jurisdiction." Even were we to agree with this reasoning, it would be of no avail to the Tucks here because the jurisdictional allegations in the complaint were defective on their face. The Tucks failed to allege either a place of incorporation or a principal place of business for USAA. USAA can hardly be deemed to have admitted facts that were never alleged. See also Fitzgerald v. Seaboard System R.R., Inc., 760 F.2d 1249, 1251 (11th Cir.1985); Basso, 495 F.2d at 909-10
 
 
 [3]
 Adding to the confusion is the fact that USAA has appeared in federal courts under their diversity jurisdiction, even after the decision in Baer, both as plaintiff and defendant, and the question of USAA's corporate status and citizenship was apparently not considered. See, e.g., Gill v. Rollins Protective Services Co., 836 F.2d 194 (4th Cir.1987) (USAA as plaintiff); Moore v. United Services Automobile Ass'n, 819 F.2d 101 (5th Cir.1987) (USAA as defendant); Boardman v. United Services Automobile Ass'n, 742 F.2d 847 (5th Cir.1984) (USAA as defendant-appellee); United Services Automobile Ass'n v. Royal-Globe Ins. Co., 511 F.2d 1094 (10th Cir.1975) (USAA as plaintiff-appellee); Allen v. United States, 668 F.Supp. 1242 (W.D.Wis.1987) (USAA as defendant); United Services Automobile Ass'n v. Cregor, 617 F.Supp. 1053 (N.D.Ill.1985) (USAA as plaintiff). A few of these cases even recite erroneous findings regarding USAA's diversity status. See, e.g., Allen, 668 F.Supp. at 1245 (USAA "is a Texas insurance corporation with its principal place of business in the State of Texas."). Of course, the fact that USAA has improperly appeared as a party in diversity actions before does not affect our decision here, but it helps to explain why the Tucks did not discover the jurisdictional problem
 Because USAA has apparently "rediscovered" Baer, however, and asked us to dismiss this action for lack of subject matter jurisdiction, we expect it to make similar motions in all pending diversity litigation. Moreover, we do not expect to see USAA before this court again under similar circumstances.
 
 
 [4]
 The capacity of an unincorporated association to be sued in its own name is generally "determined by the law of the state in which the district court is held." Fed.R.Civ.P. 17(b). An unincorporated association may be sued under Oklahoma law. Okla.Stat.Ann. tit. 12, Sec. 2017(B) (Supp.1988)
 
 
 [5]
 We stress that this is our view of the limited jurisdictional record on appeal, but we do not intend to foreclose the district court from reviewing this question. The district court should determine whether or not the members of USAA may currently be considered parties to this action and whether the Tucks may proceed against only the diverse members. If the members are already parties to the suit, then a motion to dismiss USAA and the nondiverse members may be sufficient to create complete diversity
 
 
 [6]
 There appears to be some dispute between the parties as to whether the Tucks are themselves "insured" under the USAA policy. We do not address this question, but in either case, the direct action statute is not a bar to this suit, for "[t]he general rule has always been that the direct action proviso does not affect suits brought by an insured against his own insurer." Bowers v. Continental Ins. Co., 753 F.2d 1574, 1576 (11th Cir.), cert. denied, 473 U.S. 906, 105 S.Ct. 3531, 87 L.Ed.2d 655 (1985)