**SHIDEL et al., Appellants,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

[Cite as *Shidel v. Liberty Mut. Ins. Co.* (1995), 110 Ohio App.3d 518.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 94 C.A. 114.

Decided June 30, 1995.

*Richard A. Horning Co., L.P.A.,* for appellants.

*Buckingham, Doolittle & Burroughs Co., L.P.A., Orville L. Reed III* and *Hamilton DeSaussure, Jr.,* for appellee.

O'NEILL, Presiding Judge.

On November 24, 1987, appellant, Anne B. Shidel, was operating a 1979 Chevette in which her husband, Joseph M. Shidel, was a passenger. Upon entering the intersection of State Route 14 and State Route 46, a collision occurred between appellant's vehicle and a tractor-trailer truck. As a result of this collision, Anne B. Shidel was injured and her husband, Joseph M. Shidel, died.

On August 22, 1989, Anne B. Shidel and the estate of Joseph M. Shidel filed a complaint against Phillip B. Espenshade, operator of the truck, and Redicho Express, Inc. which leased the truck. This suit sought damages as the result of Joseph M. Shidel's death and Anne B. Shidel's injuries. Thereafter, on October 16, 1991, the defendants filed a counterclaim against Anne B. Shidel for negligence seeking contribution. The 1979 Chevette was an insured auto under an automobile policy issued to Joseph M. Shidel by the appellee, Liberty Mutual Insurance Company ("Liberty Mutual"). Anne B. Shidel requested that appellee

provide a defense and indemnification to the counterclaims filed by the truck operator and the trucking company. The appellee, Liberty Mutual, informed Anne B. Shidel that it was not obligated to provide a defense. As a result, Anne B. Shidel and Terrence J. Shidel, executor of the estate of Joseph M. Shidel, filed a complaint for declaratory judgment naming Liberty Mutual, the appellee, as defendant.

The case was submitted to the court by all parties based upon motions for summary judgment. A referee of the trial court prepared and filed extensive findings and conclusions of law, essentially concluding that the defendant-appellee, under the terms of its insurance policy, did not owe a defense or indemnification to Anne B. Shidel as to any claims held by the estate arising out of her husband's death.

The original defendants, the operator and the truck line, had settled with the estate of Joseph M. Shidel and had assigned to the estate any claims which they held against Anne B. Shidel arising out of the automobile accident.

The first assignment of error complains that the trial court erred in determining that appellee owed no duty to provide a defense under the liability coverage provision of the appellee's policy.

■ A part of the policy, which is the basis for this case, contains a "Liability Coverage Exclusion Endorsement," which reads as follows:

"The following exclusion is added to Part A, Section A:

"We do not provide Liability Coverage for any person for bodily injury to you or any family member.

"This endorsement must be attached to the change endorsement when issued after the policy is written."

Any claim held by the estate of Joseph M. Shidel against Anne B. Shidel is a claim for bodily injury. "Bodily injury" is defined by that policy as meaning "bodily harm, sickness or disease, including death that results." A "family member" is defined by the policy as meaning "a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child." Joseph M. Shidel was a person related to Anne B. Shidel by marriage and thereby, by way of definition, a family member. Very clearly, the exclusion previously set forth herein excludes liability coverage to Anne B. Shidel for the bodily injury suffered by her husband, a family member. She was not an insured under the automobile policy.

"A person is not an insured under the liability provisions of an automobile insurance policy unless defined by the terms of the policy as an insured; provided, however, that when the policy has been 'certified' under the provisions of R.C. 4509.46 or 4509.47, the definition of who is an 'insured' under the policy must conform with R.C. 4509.51 *et seq.*" *Dairyland Ins. Co. v. Finch* (1987), 32 Ohio St.3d 360, 513 N.E.2d 1324 paragraph one of the syllabus.

In her second assignment of error appellant argues, in the alternative, that, if it was determined that she was not insured under the insurance policy, she thereby became uninsured and should have been afforded protection and indemnification under the uninsured provisions of the insurance policy.

██ Uninsured provisions in an insurance policy are not liability protections for the insured but are rather compensatory provisions for an insured.

" 'It is not the purpose of the uninsured motorist law to provide coverage for the uninsured vehicle, but its object is to afford the insured additional protection in the event of an accident.' " *Motorists Mut. Ins. Co. v. Tomanski* (1971), 27 Ohio St.2d 222, 224, 56 O.O.2d 133, 134, 271 N.E.2d 924, 925 quoting *Horne v. Superior Life Ins. Co.* (1962), 203 Va. 282, 285, 123 S.E.2d 401, 404.

Perhaps the uninsured/underinsured provision of the policy would have provided compensation to the estate if a claim had been made pursuant to that provision. However, since that is not an issue in this case, it is not for us to address it.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

GENE DONOFRIO and COX, JJ., concur.