**Donald Lee TATAR, Administrator of the Estate of Michele Lynn Tatar, et. al., Plaintiffs,**

v.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY, et. al., Defendants.**

**No. C2–01–1211.**

United States District Court, S.D. Ohio, Eastern Division.

April 15, 2002.

---

David Nicholas Dittmar, Weirton, WV, Claudia R. Eklund, Lowe, Eklund, Wakefield & Mulvihill Co., LPA, Cleveland, OH, for Plaintiffs.

Keith A. Savidge, Seeley, Savidge & Aussem Co., Cleveland, OH, for Defendants.

## OPINION AND ORDER

HOLSCHUH, District Judge.

Plaintiffs, Donald Lee Tatar, administrator of the estate of Michele Lynn Tatar, and Donald L. Tatar and Susan A. Tatar individually, filed this case seeking insurance proceeds based on the Supreme Court of Ohio's decision in *Scott–Pontzer v. Liberty Mutual Fire Ins. Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999). Defendant, Liberty Mutual Fire Insurance Company, removed this action from the Court of Common Pleas of Jefferson County, Ohio pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332. The matter is before this Court on plaintiffs' motion to remand. Plaintiffs claim that the proviso to 28 U.S.C. § 1332(c)(1) works to destroy diversity in this case. The motion is fully briefed and is ripe for decision. For the following reasons, the Court concludes that the proviso to 28 U.S.C. § 1332(c)(1) is inapplicable here. Thus, plaintiffs' motion to remand will be denied.

## I.

The following statement of facts is taken from the complaint, the removal petition and the plaintiffs' motion to remand. Plaintiffs bring this action in an attempt to recover losses experienced as a result of an automobile accident on December 28, 2000, in which their daughter Michele Lynn Tatar was killed. Michele was a passenger in an automobile operated by Michael Taylor, whose alleged negligence caused the fatal collision. Plaintiffs' complaint alleges that the damages sustained by the plaintiffs, "exceed or may exceed the insurance coverage applicable to the collision." Thus, the plaintiffs attempt to recover excess damages under an underinsured motorists policy which defendant issued to Sears, Roebuck & Co., plaintiff Donald Tatar's employer. Plaintiffs contend this policy covers Sears employees under the theory of recovery set forth by the Ohio Supreme Court in *Scott–Pontzer*.

As a preliminary matter, the Court notes that the *de facto* citizenship of the parties is not in serious dispute. The plaintiffs reside in Ohio and are thus, citizens of Ohio. Defendant contends, in the notice of removal, and plaintiffs do not dispute, that defendant is incorporated in Massachusetts and that its principal place of business is in Massachusetts. However, plaintiffs argue in their motion to remand that the proviso to 28 U.S.C. § 1332(c)(1) destroys diversity of citizenship.

## II.

28 U.S.C. § 1332(c)(1) states, in pertinent part, that "[f]or the purposes of this section and section 1441 of this title— (1) a corporation shall be deemed to be a citizen of any State in which it has been incorporated and of the state where it has its principal place of business..." However, § 1332(c)(1) includes a proviso which

provides an exception to diversity jurisdiction. Thus, if a plaintiff brings a "direct action" against "the insurer of a policy or contract of liability insurance, such insurer shall be deemed a citizen of the State of which the insured is a citizen." In order for a particular case to come within this proviso, such action must be (1) a direct action, and (2) brought against the insurer of a policy or contract of liability insurance. Failure to satisfy both elements renders the proviso inapplicable. For the following reasons, the Court concludes that this action is neither a direct action, nor brought against the insurer of a policy or contract of liability insurance.

The phrase "direct action" is not defined in the statute and does not have a generally accepted meaning. It is therefore necessary to look at secondary sources to determine the intent of the statute's drafters. Those sources clearly indicate that an action to recover uninsured/under-insured motorist benefits does not constitute a "direct action," as evidenced by the legislative purpose behind the proviso as well as by the statute's interpretation by federal courts.

Congress added the provision in question in 1964. The report of the Senate Committee stated that the purpose in enacting the § 1332(c)(1) proviso was to eliminate from federal diversity jurisdiction suits on certain tort claims brought under state "direct action" statutes. Specifically, Louisiana had enacted a "direct action" statute which allowed a suit in tort where both the plaintiff and the tortfeasor were citizens of the same state to be brought directly against a foreign insurance carrier without joining the tortfeasor as a defendant. Although there was some debate over whether the tortfeasor's citizenship could be disregarded in determining if diversity of citizenship existed in such a case, the United States Supreme Court

held in *Lumbermen's Mutual Casualty Company v. Elbert*, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59 (1954) that such an action could properly be brought in federal court where the plaintiff and the insurer were of diverse citizenship.

█ After the *Elbert* decision, suits brought under such "direct action" statutes (including a similar Wisconsin statute) flooded the federal courts. To relieve this burden on the federal courts, Congress added the proviso to eliminate from federal jurisdiction, "suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tortfeasor as a defendant." S.Rep. No. 1308, 88TH Cong., 2nd Sess. 1964. The proviso's purpose was clearly articulated and does not indicate any aim to encompass the type of cases which have emerged under *Scott–Pontzer*, where an employee is permitted to bring suit against his or her employer's insurer for uninsured/under-insured motorists coverage where a third party has caused injury or death to an employee's family member. Thus, this case does not fall within the purpose of the statute.

█ A *Scott–Pontzer* action proceeds not against the tortfeasor's insurer, but against an insurance company which is claimed to have issued a policy that directly covers the injured plaintiffs. In other words, the plaintiffs contend that they are "insureds" under the policy. The federal courts have repeatedly held that suits brought by an insured against his or her insurer do not constitute a "direct action" within the meaning of § 1332(c)(1). *See, e.g., White v. United States Fid. & Guar. Co.*, 356 F.2d 746, 747 (1st Cir.1966) (suit by insured against insurer is not a direct action); *Bowers v. Continental Ins. Co.*, 753 F.2d 1574, 1576 (11th Cir.1985) ("The

general rule has always been that the direct action proviso does not affect suits brought by an insured against his own insurer"). Because the proviso addresses cases where the insured tortfeasor was not joined as a party-defendant, applying the proviso where the insured is the plaintiff would be plainly contrary to the purpose of the proviso.

In arguing for a contrary result, plaintiffs cite to an unreported decision from the Northern District of Ohio, *Comella v. St. Paul Mercury Insurance Company,* 177 F.Supp.2d 704 (N.D.Ohio 2001) (holding that *Scott–Pontzer* suits meet the requirements of the § 1332 proviso to destroy diversity). In *Comella,* the court distinguished those cases holding that a suit by an insured against the insurer is not a direct action by finding that the employer, not the plaintiff-employee in a *Scott–Pontzer* action, is the insured. *Comella,* 177 F.Supp.2d at 708 n. 3. This Court respectfully disagrees with this analysis. In *Scott–Pontzer,* the Ohio Supreme Court clearly explained that the employee is considered a named insured, *Scott–Pontzer,* 85 Ohio St.3d at 665, 710 N.E.2d 1116, and that status is the sole foundation for a plaintiff's ability to bring a *Scott–Pontzer* action. Thus, the plaintiffs in this case raise claims as insureds under the policy.

 In addition to the general rule that an action by an insured against an insurer does not constitute a direct action, the federal courts have expressly eliminated from the scope of "direct action" suits brought to recover uninsured motorist benefits. In *Tuck v. United Servs. Auto Ass'n,* 859 F.2d 842, 843 (10th Cir.1988), the parents of the decedent sought uninsured motorists benefits under the United Services Automobile Association policy after their son was killed in an automobile accident caused by an uninsured motorist. The Court held that the Tucks' suit did not constitute a "direct action" because the Tucks were not seeking to impose liability on USAA for the negligence of any party insured by USAA. The Court noted that the proviso was enacted to eliminate diversity jurisdiction where an injured third party brought a claim based on primary liability under the insurance policy. *Id.* at 847. Thus, the Court held that the action brought against an insurer for uninsured motorist benefits did not constitute a direct action. *Id.*

The Sixth Circuit Court of Appeals has not had occasion to consider whether a *Scott–Pontzer* suit against an uninsured/under-insured motorist insurer constitutes a direct action for purposes of § 1332. However, that Court has consistently given a narrow construction to the proviso. In *Henderson v. Selective Ins. Co.,* 369 F.2d 143 (6th Cir.1966), the Court refused to extend the scope of the proviso beyond the situation arising out of the enactment of direct action statutes in those states permitting suits against the insurance company without joining the insured. Years later, only after finding that aspects of the Michigan no-fault insurance scheme operated exactly the same way as the "direct action" statutes, the Sixth Circuit permitted application of the proviso to cases arising out of the Michigan no-fault statute. *Ford Motor Company v. Ins. Co. of North America,* 669 F.2d 421, 425 (6th Cir.1982). As recently explained in *Johnson v. Fireman's Fund Ins. Co.,* No. 1:01 CV 1063, slip op. at 8 n. 3 (N.D.Ohio) the *Ford* decision does not apply to *Scott–Pontzer* actions. That court concluded that the "direct action" statute and the Michigan no-fault statute both permit injured plaintiffs to bring "direct actions" against the tortfeasor's insurer without joining the tortfeasor, whereas *Scott–Pontzer* suits are not actions brought against the tortfeasor's insurer. Rather the action

is brought against under-insured motorist insurers who are in no way connected to the tortfeasor. *Id.* Although this Court recognizes, as did *Comella,* that the Court of Appeals' *Ford* decision makes clear that the proviso's application is not limited solely to the type of suit permitted by the Louisiana statute which led to its adoption, the Court concludes that the application of the proviso to what is really a first-party insurance case was never contemplated by Congress when it chose to include the phrase "direct action" in the statute.

Plaintiffs also rely on the unreported decisions in *Kormanik v. St. Paul Fire and Marine Ins. Co.,* 208 F.Supp.2d 824 (N.D.Ohio,2001) and *Kohus v. Hartford Ins. Co.,* 2001 WL 1850889 (N.D.Ohio Nov. 19, 2001); both of which broadly construed the meaning of "direct action" to include *Scott–Pontzer* actions. Again, this Court respectfully disagrees with those decisions. As discussed above, *Scott–Pontzer* suits are very different from the Michigan no-fault scheme at issue in *Ford,* and that decision cannot be used to justify application of the proviso. Because suits to recover uninsured/under-insured motorist benefits fall outside the realm of a "direct action," this case fails to satisfy the first prong of the proviso.

■ Likewise, this case does not satisfy the second prong of the proviso, because it is not a claim against an "insurer of a policy or contract of liability insurance," 28 U.S.C. § 1332(c)(1). Rather, plaintiffs have brought an action to recover uninsured/under-insured motorist benefits. Careful analysis of both federal and Ohio law indicate that uninsured/under-insured motorist coverage is not liability insurance.

■ As a general rule, suits not brought against an insurer of liability insurance do not implicate the proviso to destroy diversity jurisdiction. *See, e.g., Fortson v. St. Paul Fire and Marine Ins. Co.,* 751 F.2d 1157, 1159 (11th Cir.1985) (where the suit brought either by the insured or by an injured third party is not based on the primary liability covered by the liability insurance policy, the proviso does not preclude diversity jurisdiction). The Court of Appeals for the Sixth Circuit has held that "a policy of liability insurance is a policy that indemnifies against the condition of becoming liable." *Aetna Casualty & Surety Insurance Co. v. Greene,* 606 F.2d 123, 127 (6th Cir.1979). An uninsured/under-insured motorist policy does not indemnify the beneficiaries of such coverage against the condition of becoming liable. Rather, the protection afforded by uninsured/under-insured motorist benefits is to provide additional compensation for an injured insured. *See, e.g., Shidel v. Liberty Mutual Insurance Company,* 110 Ohio App.3d 518, 521, 674 N.E.2d 1191 (Ohio App.1995) ("[u]ninsured provisions in an insurance policy are not liability protections for the insured but are rather compensatory provisions for an insured"). In addition, the Supreme Court of Ohio, in deciding whether to enforce an uninsured motorist benefits contract, expressly noted that uninsured motorist coverage is not liability insurance. *Motorists Mutual Ins. Co. v. Tomanski,* 27 Ohio St.2d 222, 271 N.E.2d 924, 925 (1971).

*Scott–Pontzer* did not change the firmly established federal and state law regarding the definition of what is a contract of liability insurance. Defendants properly point to a recent decision from the Northern District of Ohio involving uninsured/under-insured motorist coverage in the context of a *Scott–Pontzer* suit in which Judge Gaughan held that the proviso to § 1332 did not destroy diversity. *Fidelity and Guaranty Ins. Underwriters, Inc. v. Nocero,* No. 1:01 CV 397, 2001 WL 1792448 (N.D.Ohio Dec. 13, 2001) Specifically, Judge Gaughan found that a claim against

an insurer of a uninsured/under-insured motorist policy is not a claim against the insurer of a liability policy because uninsured/under-insured motorist coverage does not indemnify an insured against loss or liability on account of personal or property injury to others, as does a liability policy. *Id.*

This Court agrees that a *Scott–Pontzer* action brought against an insurer of uninsured/under-insured motorist benefits is not an action against an insurer of a policy or contract of liability insurance. Thus, the plaintiffs, having brought this action against the issuer of a uninsured/under-insured motorist policy and not against an insurer of liability insurance, cannot bring this case within the second prong of the proviso.

### III.

For the foregoing reasons, plaintiff's motion to remand (file doc. # 4) is DENIED.