F I L E D
United States Court of Appeals
Tenth Circuit

DEC 27 2002

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANIEL J. POST,

   Plaintiff–Appellant,

 v.

SUPREME COURT OF COLORADO;
SUPREME COURT OF COLORADO,
THE OFFICE OF ATTORNEY
REGULATION COUNSEL;
SUPREME COURT OF COLORADO,
THE OFFICE OF THE PRESIDING
DISCIPLINARY JUDGE; ROGER
KEITHLEY, individually and in his
office as presiding disciplinary judge
of the Supreme Court of Colorado;
EDWIN KAHN, individually and as a
member of the panel of the office of
the presiding disciplinary judge of the
Supreme Court of Colorado;
MARILYN DAVID, individually and
as a member of the panel of the office
of the presiding disciplinary judge of
the Supreme Court of Colorado;
GREG SAPAKOFF, individually and
as a member of the office of attorney
regulation counsel; and other unknown
or unidentified persons,

   Defendants–Appellees.

No. 02-1206

(D. Colorado)

(D.C. No. 01-M-1361)

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

Daniel J. Post appeals the district court's dismissal with prejudice of his civil action against the Supreme Court of Colorado and various other Colorado state offices and officials. For the reasons stated below, we affirm.

## I. BACKGROUND

Mr. Post is a disbarred Colorado lawyer. In his amended complaint in the federal district court, he alleged that his disbarment by the Colorado Supreme Court was conducted in an unauthorized and illegal manner constituting theft of his license to practice law in violation of (1) his due process rights, (2) the Colorado Organized Crime Control Act, Colo. Rev. Stat. § 18-17-104, and (3) the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 ("RICO"). The district court granted the defendants' motion to dismiss for (1) lack of subject

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3. After examining the appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

matter jurisdiction, (2) qualified immunity, (3) Eleventh Amendment immunity, (4) and failure to state a claim.

## II. DISCUSSION

"We review a district court's dismissal for lack of subject matter jurisdiction de novo." Aguilera v. Kirkpatrick, 241 F.3d 1286, 1292 (10th Cir. 2001). A district court "lacking jurisdiction cannot render judgment but must dismiss [when] it becomes apparent that jurisdiction is lacking." Tuck v. United Serv's Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988) (internal citations and quotations omitted). Therefore, if the district court lacked subject matter jurisdiction over Mr. Post's claims, we need go no further.

The district court did not have subject matter jurisdiction over the merits of Mr. Post's disbarment. See Phelps v. Kansas Sup. Ct., 662 F.2d 649, 651 (10th Cir. 1981) ("The lower federal courts do not have subject matter jurisdiction to review state disbarment proceedings."). Further, we agree with the district court that because granting any of Mr. Post's desired relief would require the district court to determine the validity of the disbarment order, this case is therefore "not within the court's subject matter jurisdiction." Vol. rec. I, doc. 21, at 2, (Dist. Ct. Order, dated Apr. 2, 2002). See Doe v. Pringle, 550 F.2d 596, 599 (10th Cir. 1976) ("We concur in the district court's finding that it is without subject matter

jurisdiction to review a final order of the Colorado Supreme Court denying a particular application for admission to the Colorado Bar. This rule applies even though, as here, the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights."). Because we hold that the district court lacked subject matter jurisdiction over Mr. Post's claims, we will not evaluate the merits of his claims.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Mr. Post's action.

Entered for the Court,


Robert H. Henry
Circuit Judge